UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| SOGEFI ENGINE SYSTEMS MEXICO S DE RL DE CV,<br><br>Plaintiff,<br><br>vs.<br><br>MANN+HUMMEL PUROLATOR FILTERS LLC,<br><br>Defendant. | Hon. Richard E. Myers II<br><br>Case No. 5:22-cv-00281 |

### DECLARATION OF SAKESH SHETTY IN SUPPORT OF DEFENDANT MANN+HUMMEL PUROLATOR FILTERS LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

I, Sakesh Shetty, declare as follows:

1. I am over 21 years old and competent to make this declaration. I make this declaration based on personal knowledge and my review of the business records of Defendant Mann+Hummel Purolator Filters LLC ("Mann+Hummel").

2. I have been employed at Mann+Hummel for the last twelve years, and currently serve as Director of Sales for the Americas. I have personal knowledge of Mann+Hummel's contractual relationship with Plaintiff Sogefi Engine Systems Mexico S De RL de CV ("Sogefi") for the supply of certain filter screens (the "Parts"). I understand that Sogefi uses the Parts to manufacture HVAC components for the Stellantis Ducato vehicle program.

3. In agreeing to Paragraph 7 of the Contract of Supply, based on the annual volume of 55,000 Parts communicated by Sogefi to Mann+Hummel for the time when the Program is fully ramped up, Mann+Hummel undertook to maintain the daily of capacity of 230 Parts, or the weekly

capacity of 1,145 Parts, plus or minus 20 percent. Maintaining this capacity pursuant to the Contract of Supply required Mann+Hummel employees to work five days, 10-hours per day.

4. Based on this Paragraph 7 of the Contract of Supply, Mann+Hummel committed to be required to manufacture up to 1,375 Parts per week. Mann+Hummel has been supplying the Parts since 2013. The listing of weekly volumes for the Parts since 2021 is attached as Exhibit 1 to my declaration.

5. In 2021, costs of production for the Parts increased by more than 40 percent, to the point that Mann+Hummel's losses on the sale of these Parts have continued to amass. For example, in 2021 alone, Mann+Hummel sustained losses of $538,486 for the Parts at issue.

6. Effective September 1, 2021, the parties voluntarily agreed to increase the price for the Parts from $3.38 to $3.70.

7. In February 2022, Mann+Hummel requested a price increase from $3.70 to $9.29, to at least decrease the losses it was suffering and cover Mann+Hummel's increased costs. A true and correct copy of Mann+Hummel's February 22, 2022 correspondence raising the price increase issue is attached as Exhibit 2 to my declaration.

8. In response, Sogefi acknowledged the pressures faced by suppliers, but refused to consider a price increase. A true and correct copy of Sogefi's correspondence responding to Mann+Hummel's February 22, 2022 letter is attached as Exhibit 3 to this declaration.

9. Unlike Sogefi, most of Mann+Hummel's customers have agreed to price increases.

10. On March 7, 2022, Mann+Hummel again notified Sogefi of the unprecedented cost increases it was experiencing and indicated that these increased costs made Mann+Hummel's compliance with Sogefi's demands commercially impracticable. A true and correct copy of this correspondence is attached as Exhibit 4 to my declaration.

11. After a lengthy period of silence, Sogefi finally responded to Mann+Hummel's pricing-related inquiries on May 11, 2022. On June 7, 2022, Sogefi requested a cost breakdown of the filter price but otherwise refusing the price request. Without confidentiality protections in place, and with Sogefi being Mann+Hummel's competitor as to similar parts, Mann+Hummel decided against providing this information at the time. However, Mann+Hummel did share some information about its cost increases. A copy of this correspondence is attached as Exhibit 5 to my declaration.

12. Despite Mann+Hummel's continuing efforts to secure Sogefi's agreement as to price increases, Sogefi refused to increase the prices. That is until July 8, 2022, when Sogefi suddenly informed Mann+Hummel about a significant 3,000 piece customer volume increase, and agreed to pay to Mann+Hummel the $9.29 price requested by Mann+Hummel for the additional volume "beyond the contractual one, considering the exceptional situation." A copy of this July 8, 2022 email exchange is attached as Exhibit 6 to my declaration.

13. Mann+Hummel cannot immediately accommodate Sogefi's request. Producing that many parts requires Mann+Hummel to ramp up its operation from five days a week, 10-hour shifts per day, up to six days a week, 12-hour shifts per day. Further, the employees that work on the Parts need specialized training.

14. After Sogefi filed its Motion before the Court, Mann+Hummel has reviewed its capacity plans and models and, in order to avoid the shutdown of Stellantis operations that Sogefi projects would occur on August 3, 2022, Mann+Hummel would be willing to work with Sogefi to increase its capacity as quickly as possible, as long as Sogefi agrees to pay the price of $9.29 per Part for the Parts in excess of 1,400 parts, even if it does so under protest, until the Court is able to resolve the issue following a fulsome preliminary injunction hearing. While Mann+Hummel is

3

4871-4407-4283.4

Case 5:22-cv-00281-M-KS   Document 19   Filed 07/26/22   Page 3 of 4

making arrangements to accommodate Sogefi's volumes, it will require at least a week ramp up to these levels.

15. Prior to July 8, 2022, Sogefi did not engage in discussions regarding timing of the ramp-up, deliveries or associated costs. As Mann+Hummel indicated in its July 21, 2022 letter to Sogefi, at the current production levels, Mann+Hummel will not be able to meet the demand, and it would need to adjust its capacity and production schedule around the increased need.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief. This Declaration is executed by me at Gastonia, North Carolina, on this 26 day of July, 2022.

Sakesh Shetty